

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT M. ROSS, | No. 08-57003 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-01006-DOC-RNB |
| v. | |
| ORANGE COUNTY BAR ASSOCIATION; et al., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| UNITED STATES OF AMERICA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 16, 2010**

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robert M. Ross appeals pro se from the district court's order dismissing his action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly concluded that Ross's claims against defendants Orange County Bar Association, Phillip Kohn, and Kenneth Frank are time-barred because Ross's claims accrued in 1992 and he filed this action in 2008. *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (stating that the statute of limitations for civil RICO claims is four years). Further, Ross had no separate private right of action for mail fraud under 18 U.S.C. § 1341. *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987). We do not consider Ross's contentions regarding equitable estoppel because he did not raise that issue in the district court. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) ("In general, we do not consider an issue raised for the first time on appeal.").

As to Ross's claims against the remaining defendants, the district court properly concluded that the complaint did not state a claim upon which relief can be granted. *See Turner v. Cook*, 362 F.3d 1219, 1228-31 (9th Cir. 2004) (discussing elements of a RICO claim); *Cholla Ready Mix, Inc.*, 382 F.3d at 973

(stating that a court is not required to accept as true a complaint's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences).

Ross's remaining contentions, including his contention that he should have been provided leave to amend, are unpersuasive. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

**AFFIRMED.**